JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Suzanne DiCicco

**DEFENDANTS**
SEI Investments Company

**(b)** County of Residence of First Listed Plaintiff ____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant ____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Console, Esq., Console Mattiacci Law
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. § 2000e, et seq.; 29 U.S.C. § 623 et seq.; and 43 P.S. § 951, et seq.

Brief description of cause:
Plaintiff was discriminated & retaliated against based on her sex and age in violation of federal and state law.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE 11/04/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Suzanne DiCicco | : | CIVIL ACTION |
| v. | : | |
| SEI Investments Company | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 11/04/2026 | [signature] | Plaintiff, Suzanne DiCicco |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 689-4137 | Kevinconsole@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Oaks, Pennsylvania

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____________ ______________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SUZANNE DICICCO**<br>763 Ore Street<br>Phoenixville, PA 19460<br><br>***Plaintiff,***<br><br>v.<br><br>**SEI INVESTMENTS COMPANY**<br>1 Freedom Valley Drive<br>Oaks, PA 19456<br><br>***Defendant.*** | CIVIL ACTION NO.: ________________<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

## I. INTRODUCTION

Plaintiff, Suzanne DiCicco ("Plaintiff"), brings this action against her former employer, SEI Investments Company ("Defendant"), for discriminating against her because of her sex (female), her age (57 at the time of termination), including the combination of her sex and age ("sex/age"), and for retaliating against her because she engaged in protected activity by complaining of discrimination.

Defendant's unlawful conduct includes subjecting Plaintiff to a hostile work environment, revoking a position that Plaintiff had been offered and had accepted, failing to select or transfer Plaintiff to open positions for which she was qualified, and terminating Plaintiff's employment for false and pretextual reasons, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

Plaintiff seeks all appropriate relief, including economic loss, compensatory damages, liquidated damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II. PARTIES

1. Plaintiff, Suzanne DiCicco, is an individual and a citizen of the Commonwealth of Pennsylvania. She resides in Phoenixville, PA 19460.

2. Plaintiff was born in 1967. At the time of her termination, Plaintiff was fifty-seven (57) years of age.

3. Plaintiff is female.

4. Defendant SEI Investments Company is organized under the laws of the State of Pennsylvania and maintains a principal place of business at 1 Freedom Valley Drive, Oaks, PA 19456.

5. Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

6. At all times material hereto, Plaintiff worked for Defendant in Oaks, Pennsylvania.

7. At all times material hereto, Defendant employed twenty (20) or more employees.

8. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

9. At all times material hereto, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

10. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III. JURISDICTION AND VENUE

11. The causes of action which form the basis of this matter arise under Title VII, the ADEA, and the PHRA.

12. This Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1331.

13. This Court has jurisdiction over Count II (ADEA) pursuant to 29 U.S.C. § 626(c) and 28 U.S.C. § 1331.

14. This Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. § 1367.

15. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

16. On or about February 3, 2025, Plaintiff filed a complaint of discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of the acts of discrimination and retaliation alleged herein. That complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of Plaintiff's agency complaint (with personal identifying information redacted).

17. On or about August 17, 2026, the EEOC issued to Plaintiff a Notice of Right to Sue pertaining to Plaintiff's agency complaint. Attached hereto and marked as Exhibit "2" is a true and correct copy of that Notice (with personal identifying information redacted).

18. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV. FACTUAL ALLEGATIONS

19. Plaintiff was hired by Defendant on or about October 11, 2004.

20. Plaintiff consistently performed her job duties in a highly competent manner, and received positive feedback.

21. Plaintiff last held the position of Director of Information Governance.

22. Plaintiff was part of the Enterprise Risk Management team.

23. Plaintiff last reported to Farooq Omer (male, 52[1]), Chief Risk Officer.

24. Omer reported to Sean Denham (male, 52), Chief Financial Officer.

25. Denham reported to Ryan Hicke (male, 46), Chief Executive Officer.

26. Defendant has an underrepresentation of female employees, especially in high level positions.

27. Defendant replaced the last four (4) female employees holding leadership positions on the Enterprise Risk Management team with male employees.

28. On or about July 1, 2022, Defendant offered Plaintiff a voluntary separation package, for which employees with more than fifteen (15) years of service were eligible, to leave her employment and be paid severance in exchange for a release of all claims and confidentiality.

29. Plaintiff refused the offer.

30. Defendant's voluntary separation package disproportionately targeted older employees and is evidence of age bias.

31. In or around July 2023, Plaintiff began directly reporting to Omer.

32. Omer had no role in Plaintiff being hired.

33. Plaintiff was treated differently and worse and in a more hostile and dismissive

[1] All ages referenced herein are approximations.

manner than male and/or younger employees were treated.

34. Plaintiff was ignored.

35. Meetings with Plaintiff were cancelled without legitimate explanation.

36. Work was removed from Plaintiff and assigned to younger and/or male employees.

37. Plaintiff was undermined.

38. Plaintiff was assigned menial and/or administrative tasks.

39. Plaintiff was excluded from meetings and communications related to her job duties.

40. When one of Plaintiff's direct reports was promoted, Plaintiff was prevented from filling the open position.

41. After Plaintiff was given authorization to fill the open position on her team, the direct report position was removed from her.

42. Female employees and Plaintiff complained to each other about the sexism and boys' club culture at Defendant.

43. On or about March 26, 2024, Defendant terminated the employment of Christine Saxon (female, 55), Director of Technology Risk.

44. Saxon had been reporting to Omer just prior to her termination.

45. Following the above, Defendant assigned Saxon's job duties, responsibilities, and direct reports to Justin Estadt (male, 45), Director Technology Risk, and Chris Blaum (male, 52), Director Business Resiliency.

46. In or around May 2024, Plaintiff began indirectly reporting to Denham as her second level supervisor.

47. On or about July 16, 2024, in a meeting with Denham:

a. Denham commented on the lack of women in leadership positions at Defendant;

b. Denham asked Plaintiff's opinion about the same;

c. Plaintiff complained of sex discrimination, stating that, most days, she wished she had a "penis," because that would probably be the best thing that could happen to her to help her career at Defendant; and

d. Denham laughed and stated that he was going to try to change that.

48. On or about July 15, 2024, Plaintiff interviewed with Ian Love (male, 45), Head of Asset Management, for the open Asset Management Division Sales position.

49. Plaintiff was qualified for the Asset Management Division Sales position.

50. On or about August 30, 2024, in a meeting with Lisa Proto (female, 57), Director of Learning and Development, Plaintiff was offered the Asset Management Division Sales position.

51. The Asset Management Division Sales position was slated to report to Love.

52. Plaintiff accepted the Asset Management Division Sales position.

53. On or about October 1, 2024, in a meeting with Love:

a. Plaintiff stated that she was excited about joining his team; and

b. Love told her that he was excited to have her, as a senior female leader with many years of experience at Defendant, on his sales team, which consisted of all male employees with much less service time at Defendant.

54. On or about October 11, 2024, in a meeting with Anne Hammond (female, 55), Director of Human Resources, London:

a. Defendant revoked the Asset Management Division Sales position that Plaintiff had been offered and had accepted;

b. Defendant’s stated reason for revoking the offer was that all open positions at

Defendant were not being filled under the direction of Denham;

c. Hammond stated that she was confused and embarrassed that they had progressed so far down the path of Plaintiff's anticipated new position only to have it be revoked at such a late stage; and

d. Plaintiff stated that she was extremely disappointed and upset.

55. Defendant revoked the Asset Management Division Sales position that Plaintiff had been offered and had accepted because of her age and/or sex and/or age/sex and/or engaging in protected activity.

56. On or about October 9, 2024, in a meeting with Plaintiff's colleagues, including senior leaders of the organization, Phil Kizun (male), Chief Privacy Officer, unjustly criticized Plaintiff's performance.

57. The false criticism occurred in front of other employees and was humiliating.

58. On or about October 17, 2024, Blaum told Plaintiff that he heard that her reputation was getting "bashed" and that her work product was getting questioned.

59. On or about October 23, 2024, in a conversation with Kizun:

a. Plaintiff confronted his unjust criticisms of her in the October 9, 2024 meeting;

b. Kizun again unjustly criticized her performance;

c. Kizun commented, "I'm a boy. You're a girl"; and

d. He stated that it was sad that "boys" at Defendant just seemed to be more successful than "girls," but that is just how it was.

60. On or about October 25, 2024, in an email from Kizun, he stated the following: "In light of recent interactions, I want to address the tone I've observed in your responses to my attempts to involve you in essential discussions with business units and affiliates." He stated that,

"given the unconstructive approach I've encountered, I believe it will be more effective to adjust our meeting schedule," and changed from meeting weekly with Plaintiff "to a monthly cadence."

61. Plaintiff understood Kizun's email comments to be sex biased.

62. Plaintiff expressed her disappointment at the same.

63. On or about October 28, 2024, in a meeting with Christina Miner (female, 35), Human Resources:

a. Plaintiff complained of sex discrimination in connection with Defendant's culture and how Kizun interacted with her;

b. Plaintiff stated that Kizun's behavior was a symptom of the greater problem at Defendant where men felt superior to women and knew that they had the upper hand; and

c. Plaintiff stated that it was evident that Kizun believed that he had more power at Defendant to get things done because he was a "boy," and she did not, because she was a "girl."

64. On or about November 4, 2024, in a meeting with Jeanine Reitter (female, 55), Senior Human Resources Partner, Plaintiff complained of sex discrimination in connection with Defendant's culture and how Kizun interacted with her, and provided examples of the same.

65. On or about November 20, 2025, in a meeting with Reitter:

a. Reitter stated that Defendant had completed its investigation into Plaintiff's complaints and had determined that there was no evidence of discrimination;

b. Reitter stated that Kizun denied stating, "I'm a boy. You're a girl"; and

c. When Plaintiff asked Reitter to confirm that Defendant was choosing to believe Kizun instead of her, she said "yes."

66. On or about November 25, 2024, in a meeting with Omer and Katie Wagoner (female, 55), Human Resources Representative, Defendant terminated Plaintiff's employment, effective January 24, 2025.

67. Defendant's stated reason for terminating Plaintiff was "restructuring."

68. Defendant offered no explanation, including the selection criteria, as to why Plaintiff was terminated and younger and/or male and/or noncomplaining employees were retained.

69. At the time of her termination, Plaintiff was the only female employee reporting to Omer on the United States Enterprise Risk Management leadership team.

70. At the time of her termination, Plaintiff was the second oldest employee reporting to Omer on the United States Enterprise Risk Management leadership team.

71. At the time of her termination, Plaintiff was, to her knowledge, the only employee reporting to Omer who engaged in protected activity.

72. Defendant terminated Plaintiff's employment because of her age and/or sex and/or age/sex and/or engaging in protected activity.

73. Defendant failed to select Plaintiff for and/or transfer her to any open position for which she was qualified because of her age and/or sex and/or age/sex and/or engaging in protected activity.

74. Defendant subjected Plaintiff to a hostile work environment because of her age and/or sex and/or age/sex and/or engaging in protected activity.

75. Defendant failed to remedy or prevent the age and sex discrimination and retaliation against Plaintiff.

76. At the time of her termination, the following employees, in addition to Plaintiff,

were directly reporting to Omer on the United States Enterprise Risk Management leadership team:

1. Brendan Novotny (male, 35), Director Third Party Risk;
2. Justin Estadt (male, 45), Director Technology Risk;
3. Chris Blaum (male, 52), Director Business Resiliency; and
4. Ed Molony (male, 75), Corporate Insurance.

77. Each of the retained employees who were directly reporting to Omer was substantially younger and/or male and/or noncomplaining.

78. Defendant retained male and/or younger and/or noncomplaining employees in positions for which Plaintiff was more qualified.

79. Defendant retained less qualified male and/or younger and/or noncomplaining employees who were hired after Plaintiff.

80. Defendant assigned Plaintiff's job duties to substantially younger and/or male and/or noncomplaining employees, including Kizun (male).

81. Plaintiff was more qualified to perform her job duties than the substantially younger and/or male and/or noncomplaining employees, including Kizun, to whom Defendant assigned her job duties.

82. Plaintiff had no disciplinary or performance issues throughout her employment.

83. Plaintiff was not issued any write up, performance improvement plan, discipline or corrective action throughout her twenty (20) years of service with Defendant.

84. Other female employees have complained of sex discrimination at Defendant.

85. The sex and/or age discrimination and retaliation to which Plaintiff was subjected constitutes a continuing violation.

86. Defendant's comments and conduct evidence a bias against older and/or female

and/or complaining employees.

87. Defendant's age, sex, and age/sex discrimination and retaliation against Plaintiff has caused her emotional distress.

## COUNT I - TITLE VII

88. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

89. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

90. Said violations were especially egregious and done with malice and/or reckless indifference to Plaintiff's federally protected rights and warrant the imposition of punitive damages.

91. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

92. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

93. No previous application has been made for the relief requested herein.

## COUNT II - ADEA

94. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

95. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the ADEA.

96. Defendant's violations of the ADEA were intentional and willful under the

circumstances, warranting the imposition of liquidated damages.

97. As a direct and proximate result of Defendant's violations of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

98. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

99. No previous application has been made for the relief requested herein.

## COUNT III - PHRA

100. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

101. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the PHRA.

102. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

103. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

104. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the ADEA;

(c) declaring the acts and practices complained of herein to be in violation of the PHRA;

(d) enjoining and permanently restraining the violations alleged herein;

(e) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(f) awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(g) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(h) awarding liquidated damages to Plaintiff under the ADEA;

(i) awarding punitive damages to Plaintiff under Title VII;

(j) awarding Plaintiff such other damages as are appropriate under Title VII, the ADEA, and the PHRA;

(k) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(l) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

By: */s/ Kevin Console*
KEVIN CONSOLE, ESQ.
HOLLY W. SMITH, ESQ.
1525 Locust Street, 9th Floor
Philadelphia, PA 19102
Phone: (215) 545-7676
Fax: (215) 565-2852

Dated: November 4, 2026

*Attorneys for Plaintiff*